O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAXINE OLLIE, | ) | Case No. CV 11-2483-OP |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF. Nos. 8, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

1

# I.
# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly propounded a complete hypothetical to the vocational expert ("VE"). (JS at 4.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# **DISCUSSION**

**A.    The ALJ's Findings.**

Plaintiff filed claims for a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. (JS at 2.) On May 8, 2009, the ALJ denied Plaintiff's claims. (Id.)

The ALJ found that Plaintiff had severe impairments of hypertension, lumbar spondylosis, bilateral knee pain, and bilateral elbow epicondylitis and was unable to perform any of her past relevant work. (Administrative Record ("AR") at 14, 16.) However, after considering the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform alternative light work:

> [T]he claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk 6 hours in an 8-hour workday, with a sit/stand option every hour to stretch or sit for a few minutes; occasionally climb, balance, stoop, crouch, crawl, and kneel; and cannot use her hands on a repetitive basis.

(Id. at 14.)

Based on the testimony of the VE, the ALJ found that Plaintiff could perform the jobs of office helper and storage facility clerk. (Id. at 17.)

**B.     The ALJ Propounded a Complete Hypothetical.**

Plaintiff claims that the ALJ erred by failing to include in her hypothetical to the VE the restriction that Plaintiff would need to stretch when alternating sitting and standing. (JS at 5.)

"In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas v. Barnhart, 278 F.3d 947, 956 (9th Cir. 2002) (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist. See, e.g., Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). As a result, an ALJ must propose a hypothetical that is based on medical assumptions, supported by substantial evidence in the record,

and that reflects the claimant's limitations.  <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing <u>Roberts v. Shalala</u>, 66 F.3d 179, 184 (9th Cir. 1995)); <u>see also</u> <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1043 (9th Cir. 1995) (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

Here, the ALJ found that Plaintiff had the RFC to perform light work in that she can "lift and carry 20 pounds occasionally and 10 pounds frequently . . . with a sit/stand option every hour to stretch or sit for a few minutes." (AR at 14.)  In her hypothetical based on this finding, the ALJ asked the following:

> [A]ssume I have an individual of the claimant's age, education, and work background . . . assume that she could perform light work, that she could lift up to 20 pounds occasionally and 10 pounds frequently and could sit, walk and stand for six hours in an eight hour work day but would need a sit, stand option for maybe a few minutes every hour.

(<u>Id.</u> at 43.)

The hypothetical was supported by substantial evidence in the record and was based on the ALJ's RFC finding. (<u>Id.</u> at 14.)  Although the ALJ did not specifically mention stretching in the hypothetical, the ALJ did indicate the need for a sit/stand option. (<u>Id.</u>)  The specific mention of stretching during the break is unnecessary because the sit/stand option implicitly allows Plaintiff the opportunity to use that time in the manner she deems necessary.  The omission from the hypothetical that the sit/stand option can be used to stretch is insignificant.

Plaintiff also contends that the ALJ never asked the VE to "assume a hypothetical that included the *requirement* that Maxine Ollie would need to stretch while alternating sitting and standing" (JS at 9 (emphasis added).)  However, the ALJ indicated in her finding that Plaintiff would need a "sit/stand option every hour to stretch *or* sit for a few minutes." (AR at 14 (emphasis added).)  The ALJ did not find that stretching was a requirement because the ALJ indicated that the

sit/stand option could be used to either stretch or sit.

Accordingly, there was no error in the ALJ's hypothetical question to the VE as it sufficiently included all of Plaintiff's functional limitations.

## IV.

## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: March 28, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge